The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This letter is a response to your request for an opinion regarding the validation of a marriage that took place in 1980.
Your letter indicates that two of your constituents were married on May 10, 1980, in Conway. The marriage ceremony was performed by Dr. Francis Christi, who is no longer living. The couple did not file a copy of the marriage license with the County Clerk's Office. The license was subsequently lost. The couple has retained copies of the newspaper articles about their wedding, as well as wedding pictures. In addition, many current Conway residents were present at the wedding ceremony.
You have presented the following question:
 Can the County Clerk's Office use the newspaper accounts and pictures of the wedding, as well as the available witnesses to the wedding ceremony for the purpose of establishing on the record that the two individuals are married, and that their marriage took place on May 10, 1980?
It is my opinion that the couple in question can establish the validity and date of their marriage on the County Clerk's record by following the procedure set forth in A.C.A. § 16-119-107, which explicitly governs their situation. That statute states:
16-119-107. Restoration of marriage records.
 (a)(1) In cases where any marriage has been legally solemnized in any county, and the certificate of marriage required by law to be filed in the office of the recorder for the county, together with the record thereof, has been lost, destroyed, or burned, it shall be the duty of the person who solemnized the marriage, at the request and on the demand of either of the parties between whom the marriage was solemnized, to furnish him, her, or them, under his hand, a certificate of marriage.
* * *
 (b)(1) In case the person who solemnized the marriage has died or resides beyond the limits of this state, so that the certificate cannot be obtained, then the parties between whom the marriage was originally solemnized, or the one surviving, if either be dead, or their heirs, by their guardian, in case both the parties are dead, wishing to reinstate the record of the marriage, may file their petition in the office of the clerk of the circuit court, directed to the chancellor of the court, setting forth therein the substance of the original marriage certificate or the time when and the person by whom the marriage was performed, in what capacity the person acted, whether as judge, justice of the peace, minister, or priest, and that the certificate, with the record thereof, was lost, destroyed, or burned.
 (2) Upon hearing the petition, if the court is advised of the truth of the matters contained in the petition, it shall decree that the marriage record be reinstated upon the records of the recorder's office, and the clerk of the court shall certify a copy of the petition and decree down to the recorder, who shall record them.
 (3) The marriage record shall relate back and have the same force and effect from the time when the marriage ceremony was first performed as though the original record had never been lost, destroyed, or burned.
(4) No such decree shall be made or rendered by the court unless:
 (A) The petition has been filed in the office of the clerk of the court, verified by the affidavit of the petitioner or some other reputable person for him, her, or them, at least thirty (30) days before the commencement of the term of the court to which the petition is addressed; and
 (B) The petitioner has caused a notice of the intended application to be published in some newspaper printed in the county at least six (6) weeks before the commencement of the term calling on all persons who might feel themselves concerned to come forward on or before the second day of the next term and show cause, if any they can, why the record should not be reinstated upon the records of the recorder of the county. If no newspaper is printed in the county at the time of the publication, then the publication may be made in some newspaper printed in the city of Little Rock, Arkansas.
A.C.A. § 16-119-107(a)(1) and (b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh